ON SUPERVISORY WRITS TO THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON
PER CURIAM:
| denied. Relator did not raise the issue of which he complains in his- original writ application to the court of appeal in 2007, and thus he waived the issue. The decision of the court of appeal became final in 2007 and cannot be revisited now. See Brashears v. Cain, 07-0525 (La. App. 5 Cir. 7/31/07) (unpub’d).
Relator has now fully litigated three applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended La.C.Cr.P. art. 930,4 to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in state collateral proceedings in accord with La. C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.